Randall B. Bateman (USB 6482)
Lyndon R. Bradshaw (USB 15097)
DURHAM JONES & PINEGAR
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000
rbateman@djplaw.com; lbradshaw@djplaw.com; nbladen@djplaw.com

*Attorneys for Plaintiff Lone Star Promotions, LLC and Marcea Owen*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LONE STAR PROMOTIONS, LLC, a Florida limited liability company, and MARCEA OWEN, an individual,<br><br>Plaintiff,<br>vs.<br><br>ABBEY LANE QUILTS, LLC, a Florida limited liability company; ABBEY LANE QUILTS, a Florida at-will partnership, and JANICE LILJENQUIST, an individual<br><br>Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND JURY DEMAND**<br><br>Case No. 1:19-cv-00035<br><br>Judge Bruce S. Jenkins |

Plaintiffs Lone Star Promotions, LLC ("Lone Star") and Marcea Owen hereby allege against Defendants, Abbey Lane Quilts, LLC ("ALQ-LLC"), Abbey Lane Quilts, a Florida partnership ("ALQ-Partnership") and Janice Liljenquist ("Liljenquist") (collectively "Defendants") as follows:

### PARTIES

1. Plaintiff Lone Star is a Florida limited liability company having its principal place of business in North Ogden, Utah.

2. Plaintiff Marcea Owen is an individual residing in North Ogden, Utah and is the member/manager of Lone Star.

3. Defendant ALQ-LLC is a Florida limited liability company set up by Liljenquist.

4. Defendant ALQ-Partnership was a Florida at-will general partnership formed by Marcea Owen and Liljenquist in 2008 and which continued until Liljenquist dissociated herself on or about April 2, 2017.

5. Defendant Liljenquist is an individual residing in Oviedo, Seminole County, Florida, who is an owner of ALQ-LLC and ALQ-Partnership to the extent that such partnership exists and personally oversaw and participated in the misconduct set forth below.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a). Personal jurisdiction is present, as each of the Defendants has taken advantage of the laws of this district by filing a lawsuit in the Second District Court in and for Weber County, Utah related to the subject matter of this Complaint, and because Defendants used the courts of this state to obtain digital copies of Lone Star's copyrighted materials which they are now selling.

7. Venue is proper under 28 U.S.C. § 1400(a), as each of the Defendants resides or is found in this district.

## GENERAL ALLEGATIONS

8. Marcea Owen ("Owen") established Lone Star in October of 2007 to perform web design services, and other design services.

9. In or about April of 2008, Owen and Liljenquist began a Florida at-will partnership, Abbey Lane Quilts ("ALQ-Partnership), to sell quilt patterns.

10. Prior to entering into the partnership, Liljenquist had never produced a quilting pattern independent of Owen which included a drawing of a quilt and instructions on how to make the quilt.

11. On April 2, 2017, Liljenquist disassociated from the ALQ-Partnership when she contacted Owen by electronic mail and told Owen that:

> After much thought, prayer and counseling with my family, I have made the difficult decision to get out of Abbey Lane Quilts. I make this decision with a sad heart but do so to preserve my marriage, my relationship with my children and for my own health and emotional well-being.

12. Liljenquist and Owen were unable to come to an agreement on a buy-out or the dissolution of ALQ-Partnership.

13. In late April 2017, Owen started a new Utah limited liability company, 2 Abbey Lane, LLC ("2AL").

14. Lone Star developed new quilt designs under the titles A Tale of 2 Gnomes, Manchester Square, Double Decker, Blossoms & Spokes, Hyde Park, Chelsea Market, Notting Hill, Just Smashing, and This and That (hereinafter the "New Designs").

15. With the exception of A Tale of 2 Gnomes and This and That, each of the New Designs was started and completed after Liljenquist had dissociated from ALQ-Partnership and after Owen established 2AL.

16. Lone Star licensed 2AL to start selling patterns based on the New Designs.

17. None of the Defendants had any involvement in the design or production of the Manchester Square pattern prior to the date that the pattern was first sold to the public.

18. None of the Defendants had any involvement in the design or production of the Double Decker pattern prior to the date that the pattern was first sold to the public.

3

19. None of the Defendants had any involvement in the design or production of the Blossoms & Spokes pattern prior to the date that the pattern was first sold to the public.

20. None of the Defendants had any involvement in the design or production of the Hyde Park Square pattern prior to the date that the pattern was first sold to the public.

21. None of the Defendants had any involvement in the design or production of the Chelsea Market pattern prior to the date that the pattern was first sold to the public.

22. None of the Defendants had any involvement in the design or production of the Notting Hill pattern prior to the date that the pattern was first sold to the public.

23. None of the Defendants had any involvement in the design or production of the Just Smashing pattern prior to the date that the pattern was first sold to the public.

24. The New Designs designed by Lone Star and licensed to 2AL were popular and well received in the quilting community.

25. On or about August 25, 2017, Liljenquist and ALQ-LLC filed a lawsuit in the Second District Court in and for Weber County, Utah seeking, among other things, dissolution of ALQ-LLC.

26. Prior to the filing of the lawsuit, ALQ-LLC had never had a bank account and had never been capitalized.

27. The lawsuit further made allegations against Owen and 2 Abbey Lane for intentional interference with economic relations, conversion, unfair competition, trademark infringement, misappropriation of trade secrets, unjust enrichment, breach of duty of loyalty and care, civil conspiracy and injunctive relief based on the theory that Owen owed duties to ALQ-LLC and that ALQ-LLC owned all of the rights that were actually owned by ALQ-Partnership.

28. Liljenquist and ALQ-LLC falsely represented to the Utah state court that ALQ-LLC had been in business since 2009.

29. Liljenquist and ALQ-LLC represented to the Utah state court that ALQ-LLC was selling quilting products throughout the country, even though ALQ-LLC never sold any quilting products prior to February of 2018.

30. Liljenquist and ALQ-LLC denied that ALQ-Partnership was established in 2008 and that a fictitious name registration had been filed in Florida, even though it was Liljenquist that filed the fictitious name registration.

31. Through the Utah state litigation, ALQ-LLC, ALQ-Partnership and Liljenquist gained access to digital copies of the New Designs.

32. After obtaining digital copies of Lone Star's New Designs, Liljenquist and ALQ-LLC began selling the New Designs as product of ALQ-LLC, and included copyright symbols along with the name Abbey Lane Quilts. Copies of the pattern covers offered by ALQ-LLC are attached hereto as Exhibit A.

33. Defendants also removed Marcea Owen's name from the patterns prior to selling them.

34. ALQ-LLC's copies of the New Designs are now being sold through distributors.

35. Defendants ALQ-LLC, ALQ-Partnership and Liljenquist have been placed on notice that they lack a license to use any of the New Designs. A copy of the May 29, 2018 letter of counsel is attached hereto as Exhibit B.

36. Despite receiving notice, Defendants continue to infringe Lone Star's copyrights.

## COUNT I

### (Copyright Infringement, 17 U.S.C. § 501)

37. Plaintiffs reallege the allegations set forth above as if fully set forth herein.

38. Lone Star is the owner of U.S. Copyright Registration No. VA 2-124-585 for Chelsea Market. A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit C.

39. The design for Chelsea Market was created by Marcea Owen as a work made for hire for Lone Star.

40. To the extent that the Chelsea Market design was not a work made for hire, Marcea Owen has assigned the copyright for Chelsea Market to Lone Star.

41. The design for Chelsea Market was not provided to Defendants prior to being sold to the public.

42. None of the Defendants participated in drawing the design for Chelsea Market prior to its first sale to the public.

43. Defendants have made copies of Chelsea Market without authorization from Lone Star or Owen.

44. Defendants have sold copies of Chelsea Market without authorization from Lone Star or Owen.

45. Lone Star is the owner of U.S. Copyright Registration No. VA 2-124-586 for Double Decker. A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit D.

46. The design for Double Decker was created by Marcea Owen as a work made for hire for Lone Star.

47. To the extent that the Double Decker design was not a work made for hire, Marcea Owen has assigned the copyright for Double Decker to Lone Star.

48. The design for Double Decker was not provided to Defendants prior to being sold to the public.

49. None of the Defendants participated in drawing the design for Double Decker prior to its first sale to the public.

50. Defendants have made copies of Double Decker without authorization from Lone Star or Owen.

51. Defendants have sold copies of Double Decker without authorization from Lone Star or Owen.

52. Lone Star is the owner of U.S. Copyright Registration No. VA 2-124-657 for Hyde Park.  A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit E.

53. The design for Hyde Park was created by Marcea Owen as a work made for hire for Lone Star.

54. To the extent that the Hyde Park design was not a work made for hire, Marcea Owen has assigned the copyright for Hyde Park to Lone Star.

55. The design for Hyde Park was not provided to Defendants prior to being sold to the public.

56. None of the Defendants participated in drawing the design for Hyde Park prior to its first sale to the public.

57. Defendants have made copies of Hyde Park without authorization from Lone Star or Owen.

58. Defendants have sold copies of Hyde Park without authorization from Lone Star or Owen.

59. Lone Star is the owner of U.S. Copyright Registration No. VA 2-124-583 for Manchester Square. A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit F.

60. The design for Manchester Square was created by Marcea Owen as a work made for hire for Lone Star.

61. To the extent that the Manchester Square was not a work made for hire, Marcea Owen has assigned the copyright for Manchester Square to Lone Star.

62. The design for Manchester Square design was not provided to Defendants prior to being sold to the public.

63. None of the Defendants participated in drawing the design for Manchester Square prior to its first sale to the public.

64. Defendants have made copies of Manchester Square without authorization from Lone Star or Owen.

65. Defendants have sold copies of Manchester Square without authorization from Lone Star or Owen.

66. Lone Star is the owner of U.S. Copyright Registration No. VA 2-124-584 for Just Smashing. A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit G.

67. The design for Just Smashing was created by Marcea Owen as a work made for hire for Lone Star.

68. To the extent that the Just Smashing design was not a work made for hire, Marcea Owen has assigned the copyright for Just Smashing to Lone Star.

69. The design for Just Smashing was not provided to Defendants prior to being sold to the public.

70. None of the Defendants participated in drawing the design for Just Smashing prior to its first sale to the public.

71. Defendants have made copies of Just Smashing without authorization from Lone Star or Owen.

72. Defendants have sold copies of Just Smashing without authorization from Lone Star or Owen.

73. Lone Star is the owner of U.S. Copyright Registration No. VA 2-134-600 for Blossoms & Spokes. A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit H.

74. The design for Blossoms & Spokes was created by Marcea Owen as a work made for hire for Lone Star.

75. To the extent that Blossoms & Spokes design was not a work made for hire, Marcea Owen has assigned the copyright for Blossoms & Spokes to Lone Star.

76. The design for Blossoms & Spokes was not provided to Defendants prior to being sold to the public.

77. None of the Defendants participated in drawing the design for Blossoms & Spokes prior to its first sale to the public.

78. Defendants have made copies of Blossoms & Spokes without authorization from Lone Star or Owen.

79. Defendants have sold copies of Blossoms & Spokes without authorization from Lone Star or Owen.

80. Lone Star is the owner of U.S. Copyright Registration No. VA 2-125-289 for Notting Hill. A copy of Lone Star's copyright registration and the pattern cover as sold by 2AL is attached hereto as Exhibit I.

81. The design for Notting Hill was created by Marcea Owen as a work made for hire for Lone Star.

82. To the extent that Notting Hill design was not a work made for hire, Marcea Owen has assigned the copyright for Notting Hill to Lone Star.

83. The design for Notting Hill was not provided to Defendants prior to being sold to the public.

84. None of the Defendants participated in drawing the design for Notting Hill prior to its first sale to the public.

85. Defendants have made copies of Notting Hill without authorization from Lone Star or Owen.

86. Defendants have sold copies of Notting Hill without authorization from Lone Star or Owen.

87. Defendants' actions occurred after being warned by Lone Star that such actions were not authorized and are, therefore, willful.

88. Defendants have copied all of the protectable expression in the works and used the same for their benefit.

89. Lone Star properly registered its copyrights and it is entitled to statutory damages, enhanced statutory damages for willful infringement, as well as attorneys' fees.

90. Wherefore, Lone Star makes a claim against Liljenquist, ALQ-LLC and ALQ-Partnership for copyright infringement.

WHEREFORE, Plaintiff prays this Honorable Court:

A. For damages for each infringement of Lone Star's copyright pursuant to 17 U.S.C. § 504 in an amount of: (1) Lone Star's actual damages, and (2) for Defendants' profits.

B. For attorneys' fees pursuant to 17 U.S.C. § 505.

C. For statutory damages pursuant to 17 U.S.C. § 504.

D. For a finding that each Defendant committed the acts of infringement willfully.

E. For enhanced statutory damages in the amount of $150,000.00.

F. For an impoundment order requiring that all infringing works be destroyed.

G. For an injunction barring each Defendant from ever again making copies of Lone Star's designs.

H. For any and all other relief which the Court considers just.

Plaintiff demands a trial by jury on all matters so triable.

DATED: April 12, 2019.

DURHAM JONES & PINEGAR

/s/ Randall B. Bateman
Randall B. Bateman
Lyndon Bradshaw

111 South Main Street, Suite 2400
Salt Lake City, UT 84111

*Attorneys for Plaintiff Lone Star Promotions, LLC*